IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TAMMY DARLENE STANTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-999-CV-DPR |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **MEMORANDUM AND ORDER**

An Administrative Law Judge (ALJ) denied Supplemental Security Income to Plaintiff Tammy Darlene Stanton in a decision dated January 5, 2011 (Tr. 16-24). On June 5, 2012, the Appeals Counsel affirmed the decision of the ALJ at all steps of the analysis, except that it found at step four that the claimant did not have past relevant work as a construction laborer. The Appeals Council, relying upon the hearing testimony of the vocational expert, found that the claimant could perform other jobs in the national economy, and was thus not disabled, and not entitled to Supplemental Security Income (Tr. 3-6). The decision of the Appeals Council became the final decision of the Commissioner. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'"

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and arguments are thoroughly presented in the parties' briefs and will not be duplicated here. Plaintiff contends the ALJ improperly weighed the opinion evidence in the record and improperly determined the claimant's residual functional capacity (RFC), including mischaracterizing the claimant's daily activities. Plaintiff further maintains that the Appeals Council did not properly review new evidence submitted after the ALJ issued her decision (Doc. 18). The Court has reviewed the medical evidence in the record, the hearing testimony, and the ALJ's opinion, and finds, consistent with the arguments of the

2

defendant, that the ALJ's decision is based upon substantial evidence on the record as a whole.

The ALJ properly considered and weighed the opinion evidence in the record. She gave good reasons for weight afforded to the opinions appearing in the record and discounted aspects of those opinions not supported by the record, which is the ALJ's responsibility. *See Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians.").

The ALJ also did not err in her RFC determination. She discussed in detail the basis for her RFC assessment, which included consideration of the claimant's ability to handle stress, remember, concentrate, pay attention, and follow directions (Tr. 22). Furthermore, the ALJ analyzed the claimant's treatment history, objective medical findings, medical opinions, and her day-to-day activities and limitations in finding her subjective complaints to lack credibility.

Finally, the Appeals Council acknowledged receipt of additional medical evidence, yet it determined that the additional records "contain no evidence of a physical impairment that would more than minimally limit her work-related activities. Likewise they contain no objective evidence of functional limitations, or clinical findings that would result in more restrictive functional limitations than those found by the Administrative Law Judge" (Tr. 4). Having reviewed the additional evidence, the undersigned finds that substantial evidence supports the determination of the Appeals Council.

Taken together, the ALJ's opinion is based upon substantial evidence on the record as a whole. Furthermore, the decision falls within the acceptable "zone of choice" of the finder of fact, to which the court gives great deference. Accordingly, the Court will not disturb the

3
Case 4:12-cv-00999-DPR   Document 26   Filed 09/12/13   Page 3 of 4

ALJ's denial of benefits.

Therefore, based on all the foregoing, **IT IS ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

DATED: September 12, 2013

             /s/ *David P. Rush*
             **DAVID P. RUSH**
             **United States Magistrate Judge**